UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
In re: PARK WEST GALLERIES, INC.,       )    MDL No. 09-2076RSL
MARKETING AND SALES PRACTICES           )
LITIGATION                              )
_____ )
                                        )    ORDER GRANTING ROYAL
THIS DOCUMENT RELATES TO:               )    CARIBBEAN'S MOTION TO
                                        )    DISMISS FIRST AMENDED
Mullen v. Park West Galleries, Inc.,    )    COMPLAINT
Case No. C09-1717RSL.                   )
_____ )

This matter comes before the Court on "Defendant Royal Caribbean Cruises Ltd.'s Motion to Dismiss First Amended Complaint." MDL09-2076, Dkt. # 80; C09-1717RSL, Dkt. # 28. Defendant seeks dismissal of all of the claims asserted against it in the First Amended Complaint ("FAC"). Having reviewed the memoranda, declarations, and exhibits submitted by the parties and having heard the argument of counsel, the Court finds as follows:

**A. MATTERS OUTSIDE THE PLEADINGS**

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). The Court may, however, consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted. United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003).

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT

Plaintiff agrees that the Court should consider the Declaration of David Banciella and the Cruise Ticket Contract submitted by defendant in the context of this motion to dismiss. The Court has, therefore, considered the documents submitted by Royal Caribbean when determining whether the complaint, taken as true and construed in the light most favorable to plaintiff, gives rise to a plausible inference of actionable conduct. See In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

**B. SHOTGUN PLEADING**

Defendant argues that the entire FAC should be dismissed because each count "expressly incorporates all of the allegations contained in the prior counts . . . ." Motion at 2. In making this argument, defendant does not identify any rule of civil procedure or pleading standard with which plaintiff has failed to comply. Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Having reviewed the allegations of the FAC, the Court finds that the incorporation by reference of all preceding paragraphs does not adversely impact the clarity of the pleading or justify dismissal in the circumstance presented here. The FAC provides 'fair notice' of the nature of plaintiff's claims against defendant and the 'grounds' on which the claims rest. See Twombly, 550 U.S. at 555 n.3.

**C. CONTRACTUAL RELEASE FROM LIABILITY**

Defendant argues that Section 4 of the Cruise Ticket Contract bars any claim against Royal Caribbean arising out of the conduct of the independent contractors, such as Park West, who operate on board the vessel. Motion at 3. Despite acknowledging this argument (Opposition at 1 and 3), plaintiff offers no response. Defendant's motion is therefore deemed to have merit (Local Civil Rule 7(b)(2)), and plaintiff's claims are dismissed pursuant to the

release.[1]

**D. CONTRACTUAL NOTICE AND SUIT LIMITATION REQUIREMENTS**

Royal Caribbean's Cruise Ticket Contract requires passengers to provide written notice of a claim within six months of injury and to file suit on the claim within one year. Under federal common and maritime law, the contractual notice and suit limitation provisions in the Cruise Ticket Contract are enforceable if (1) the provisions were reasonably communicated to plaintiff and (2) they are fundamentally fair. Wallis v. Princess Cruises, Inc., 306 F.3d 827, 835 (9th Cir. 2002); Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).

Plaintiff argues that the notice and suit limitation provisions at issue here are unconscionable and subject to equitable tolling. Opposition at 1.[2] No supporting facts or legal argument are provided. In light of Oltman v. Holland Am. Line, Inc., 538 F.3d 1271, 1276-77 (9th Cir. 2008), and the allegations of the FAC, the Court finds that the contractual provisions are enforceable under federal common and maritime law. Nor has plaintiff alleged facts which could support equitable tolling or equitable estoppel. Because plaintiff did not provide timely notice and did not file his claims against Royal Caribbean within the limitations period established in the Cruise Ticket Contracts, his claims against Royal Caribbean are barred.[3]

---

[1] The Court recognizes that Section 4 is subject to interpretation and that, as argued by a number of other plaintiffs in this multi-district litigation, it is not as sweeping as defendant suggests. Mr. Mullen's claims against Royal Caribbean stand on their own, however. The Court has not consolidated the related actions and will not import arguments made by one plaintiff into the memoranda submitted by another.

[2] This argument is factually and legally unsupported. The section of plaintiff's opposition memorandum entitled "Plaintiff's Claims are not Time-Barred" addresses the pleading standard under Fed. R. Civ. P. Rule 8, not the validity of the notice and suit limitation provisions. Opposition at 15-16.

[3] Because there may be other Royal Caribbean passengers who have viable claims despite the release, notice, and suit limitation provisions, the Court will consider defendant's other arguments on their merits.

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT             -3-

### E. ADEQUACY OF DAMAGE ALLEGATIONS

Defendant argues that plaintiff's claims should be dismissed for failure to adequately plead that he was injured. After the New York Times published an article exposing the alleged scheme to sell overpriced artwork on cruise ships, plaintiff conducted "some independent Internet research" and came to the conclusion that he, too, "had been defrauded." FAC ¶¶ 139-40. Plaintiff alleges that the artwork he purchased at fine art prices was "sometimes little better than poster art and thus, are worth far less than the price paid" and that he "lost thousands of dollars from purchasing 'art' at Park West auctions." FAC ¶¶ 4 and 6. Plaintiff has also alleged that the artwork he purchased was "not a good investment and [has] little (if any) likelihood of appreciating in value," contrary to the representations of the Park West auctioneer. FAC ¶¶ 135(g) and (h).

Plaintiff must avoid labels, conclusions, and formulaic recitations of the elements of a cause of action in favor of factual allegations that are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 234-236 (3rd ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")). He does not, however, have to plead detailed factual allegations regarding the internet searches he performed, nor is he required at the pleading stage to produce an expert in support of his damage allegations. The legal conclusion that plaintiff was defrauded is supported by the factual allegations that he paid too much for what he got, that the auctioneer lied to him regarding the value of the artwork, and that he performed some outside research. Whether plaintiff will ultimately prove that he was damaged is not the issue: the fact and nature of the harm is adequately alleged for purposes of Rule 8.

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT          -4-

**F. RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT ("RICO")**

### 1. Statute of Limitation

Defendant argues that plaintiff's RICO claim is barred by the applicable statute of limitation. Plaintiff alleges that he purchased artwork on a Royal Caribbean vessel in December 2003. This action was not filed until July 24, 2009, well after the four year limitations period had run. Plaintiff alleges that he had three of the works he purchased appraised by Park West (FAC ¶ 135(l)), but the allegation is too general to determine whether any of these appraisals concerned artwork purchased on a Royal Caribbean vessel. Plaintiff states that he continued to believe that the appraisals were valid until 2008 when the New York times published an article entitled "Art Auctions on Cruise Ships Lead to Anger Accusations and Lawsuits." After the article was published, plaintiff conducted his own investigation and filed suit. Plaintiff argues that his RICO claim against Royal Caribbean is timely under the discovery rule.

The statute of limitation began to run when plaintiff knew or should have known of the injuries that underlie his RICO claim. Pincay v. Andrews, 238 F.3d 1106, 1108 (9th Cir. 2001). Plaintiff affirmatively pleads that he did not suspect that he had paid too much for his artwork until 2008. Although it is not clear whether plaintiff took any steps to safeguard his interests (such as obtaining an appraisal of the works purchased in 2003), he identifies a specific event which triggered suspicion and prompted further investigation. Based on the facts asserted, the Court cannot conclude as a matter of law that plaintiff was negligent in failing to discover sooner that defendants had sold him, or conspired to sell him, artwork at inflated prices.

### 2. Adequacy of Pleading

Royal Caribbean argues that plaintiff has failed to identify with the particularity required by Fed. R. Civ. P. 9(b) the individual phone calls made and/or letters transmitted by this defendant in furtherance of the fraudulent scheme described in the FAC. For the most part, defendant misconstrues the reach of Rule 9(b) in this context and ignores the allegations of the

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                -5-

complaint.

Plaintiff alleges that Park West and Royal Caribbean used the mails and/or wires to commit or assist in the commission of the sale of overpriced artwork in violation of the federal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343.  Mail or wire fraud involves three elements:  (1) the formation of a scheme to defraud, (2) the use of the United States mails or wires in furtherance of the scheme, and (3) defendants' specific intent to deceive or defraud. United States v. McNeil, 320 F.3d 1034, 1040 (9th Cir. 2003).  Most of the elements, such as the existence of an agreement and defendant's state of mind, may be plead with general, rather than particularized, allegations.  "The only aspects of [mail or] wire fraud that require particularized allegations are the factual circumstances of the fraud itself."  Odom v. Microsoft Corp., 486 F.3d 541, 554 (9th Cir. 2007).

Pursuant to Fed. R. Civ. P. 9(b), the circumstances of a fraud must be plead "with particularity" (Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004)), which means that the plaintiff must state the time, place, and specific content of the false representations as well as the identities of the parties thereto (Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986))).  Although plaintiff is not able to provide the names of the individual Park West auctioneers who allegedly misrepresented the value of the artwork sold, he does identify the time, place, and specific content of the offending statements, as well as the relationship of the speaker to defendant.  Plaintiff alleges that he relied on the following statements made by Park West employees leading up to or during the on-board auctions:

- the works purchased by plaintiff were a "good" investment and
- the works would appraise for "many times" the price paid at auction.

See, e.g., FAC ¶ 135(g).  These allegations provide a factual basis for the averment of fraud

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                -6-

regarding valuation and are sufficient to allow defendant to prepare an answer.

Count III of the complaint[4] also mentions misrepresentations regarding the provenance of the purchased works. There are no factual allegations in support of these asserted misrepresentations. It is not clear what, if anything, was said on these subjects, who said it, when they said it, or whether plaintiff relied thereon. Mr. Mullen does not allege that he was told anything about the provenance or authorship of the works purchased. His allegations center on overstatements of investment and appraisal value, not a lack of authenticity or the mis-identification of the author. The allegations do not provide Royal Caribbean with sufficient information to defend a fraud claim arising out of undisclosed statements regarding provenance or authorship.

For purposes of his RICO claim, plaintiff has identified specific mail and wire communications made in furtherance of the scheme to sell overpriced artwork on defendant's cruise ships. For example, plaintiff alleges that he received Certificates of Appealability in or around January 2004 and three appraisals from Park West via the U.S. mail service on or about June 22, 2005, June 30, 2005, and August 1, 2005. FAC ¶¶ 181-82. Although these communications did not directly injure plaintiff, the use of the mail or wire need not be an essential element of the scheme in order to violate the mail and wire fraud statutes. Pereira v. United States, 347 U.S. 1, 8 (1954). A violation occurs if the communication "is part of the execution of the scheme as conceived by the perpetrator at the time." Schmuck v. United States, 489 U.S. 705, 715 (1989). It is enough if the continuing success of the fraudulent venture depends upon the transmission of items or information via the mails or wires. Id. at 711-14 (the successful transfer of title registration documents through the mails was an essential step in defendant's continuing odometer-tampering scheme because it ensured that the retail dealers on

---

[4] Although the fraud claim is asserted only against the Park West defendants, Royal Caribbean is accused of aiding and abetting the fraud in Count IV.

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                -7-

whose unwitting cooperation the scheme depended would continue to work with defendant). Because the scheme alleged by plaintiff is a long-standing venture, the fact-finder could conclude that the transmission of certificates, appraisals, and other correspondence was necessary to ensure the continued viability of the enterprise.

To the extent Rule 9(b) applies to plaintiff's allegations of wire and mail fraud, he has satisfied the heightened pleading requirements.

### 3. 18 U.S.C. § 1962(c)

A claim under § 1962(c) of RICO requires allegations that defendant conducted or participated in the conduct of an enterprise through a pattern of racketeering activity. See, e.g., Miller v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004). Simple involvement in the affairs of an enterprise is insufficient: to "conduct or participate in the conduct" of the enterprise's affairs, a defendant must have some part in controlling or directing the affairs. Reves v. Ernst & Young, 507 U.S. 170, 177-79 (1993). Royal Caribbean argues that its business relationship with Park West – including its contractual right to a percentage of the proceeds from Park West's auctions – is insufficient to establish control over the enterprise's affairs. Goren v. New Visions Int'l, Inc., 156 F.3d 721, 728 (7th Cir. 1998) ("Indeed, simply performing services for an enterprise, even with knowledge of the enterprise's illicit nature, is not enough to subject an individual to RICO liability under § 1962(c); instead, the individual must have participated in the operation and the management of the enterprise itself.").

Without attempting to discuss the allegations of the FAC, plaintiff simply cites to ¶¶ 33-65 and 119-124 in response. These paragraphs are irrelevant (Park West provided raffle tickets to passengers who registered for the auction, FAC ¶ 49) and/or do not show that defendant operated and managed the enterprise's affairs (the cruise lines worked together with Park West to promote the on-board auctions and sales, FAC ¶¶ 43 and 45). There are no allegations that Royal Caribbean controlled any aspect of the marketing, sales, or business of

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT            -8-

the enterprise. The only possible exception is ¶ 45, which states that Royal Caribbean selected the location and timing of the auction. This allegation of "control" is not sufficient, however. Determining which room can be used by a vendor at a particular time is integral to the operation of a cruise ship and does not indicate that the cruise lines participated in the operation or management of the vendor's business. Having reviewed the allegations cited by plaintiff and the remainder of the FAC, the Court finds that the allegations of "control" are insufficient. As alleged, the facts "do not permit the [C]ourt to infer more than the mere possibility of misconduct," and plaintiff has failed to show that they are entitled to relief under § 1962(c). Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009).

### 4. 18 U.S.C. § 1962(d)

Section 1962(d) makes it unlawful for any person to conspire to violate § 1962(a), (b), or (c) of RICO. Although the agreement to violate RICO need not be express, the factual allegations of the complaint, including the words, actions, and relationship between the parties, must raise an inference that an agreement exists. Oki Semiconductor Co. v. Wells Fargo Bank, 298 F.3d 768, 773, 774-75 (9th Cir. 2002). Once an agreement is demonstrated, all conspirators, whether or not they individually violate RICO, are jointly and severally liable for the acts of their co-conspirators. Id. at 775. See also U.S. v. Fiander, 547 F.3d 1036, 1041 (9th Cir. 2008) (evidence that defendant knew about and agreed to facilitate a violation of RICO supports a finding of conspiracy, even if defendant did not commit the substantive offense). Plaintiff alleges that Park West and Royal Caribbean had a long-standing relationship, that their employees worked together to conduct almost every facet of the auctions, that they were aware of the efforts each made to attract passengers to the auction and to sell artwork, and that the cruise lines had a direct financial interest in every sale made on their ships. These allegations raise an inference of an agreement that is at least plausible. See Newcal Indus., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1056 (9th Cir. 2008) (inference of specific intent raised by

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT            -9-

allegations of knowledge, participation in certain activities, and profit motive).

### 5. Causation

Defendant argues that plaintiff has failed to allege an injury compensable under RICO because the alleged use of the mails and wires occurred after plaintiff purchased the art and could not, therefore, have caused the injuries of which plaintiff complains. Section 1964(c) provides:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

Common law principles of proximate causation, rather than "but for" causation, apply to RICO claims. Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 266-68 (1992). Individuals whose harm is derivative of or contingent on the direct harms suffered by others may not recover. See, e.g., Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 981 (9th Cir. 2008). There is no requirement that the individual mail and wire communications proximately cause plaintiff's injury, however. Given that one can be convicted of mail or wire fraud even if the communications did not contain a misrepresentation (Schmuck, 489 U.S. 707-08; see also U.S. v. Shipsey, 363 F.3d 962, 971-72 (9th Cir. 2004)), demanding a direct link between the use of the mails and plaintiff's injury would exclude from RICO's reach conduct that clearly constitutes a pattern of racketeering activity. The statute itself requires only that the injury arise "by reason of a violation of section 1962," not "by reason of the predicate acts." According to plaintiff, defendants used the mails and wires to further their long-term fraudulent enterprise. A reasonable fact-finder could conclude that the use of the mails and wires was part of the execution of the fraudulent scheme as conceived by defendants, and that the resulting violation of RICO § 1962 directly injured plaintiff. Plaintiff has adequately alleged causation under § 1964(c).

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                -10-

**G. ADMIRALTY – COMMON LAW AIDING AND ABETTING FRAUD**

Plaintiff alleges that Royal Caribbean knew of Park West's scheme to defraud passengers and assisted, aided, and abetted Park West's efforts to sell worthless or overvalued artwork during the cruises. Defendant seeks dismissal of this claim because (1) there are no cases recognizing a federal maritime claim for aiding and abetting fraud, (2) the claim is duplicative of the civil conspiracy claim asserted in Count VI, and (3) plaintiff has failed to allege this claim with the particularity required by Rule 9(b).

Assuming the two-part test of <u>Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.</u>, 13 U.S. 527, 534 (1995), is satisfied, it appears that the underlying fraud claim against Park West falls within the court's admiralty jurisdiction. Defendant has not identified any characteristic or principle of an aiding and abetting claim that would preclude the application of substantive admiralty law where the underlying wrong is also subject to admiralty jurisdiction. Even if an aiding and abetting fraud claim has not yet been recognized, the "established and continuing tradition of federal common lawmaking in admiralty" suggests that dismissal is not appropriate absent some showing that the enactments of Congress or existing maritime law preclude such a claim. <u>Am. Dredging Co. v. Miller</u>, 510 U.S. 443, 455 (1994).

Defendant has not shown that the aiding and abetting claim is duplicative of the civil conspiracy claim. The aiding and abetting claim imposes liability on individuals who cannot be liable on the main fraud claim, but who had knowledge of the fraud and substantially assisted it. In contrast, a civil conspiracy claim requires evidence that the individual agreed to act in furtherance of a common objective. Because the elements of the claims differ and plaintiff may be able to show substantial assistance even if they cannot establish an agreement, both claims may proceed.

The underlying fraud – Park West's misrepresentations regarding the value of the

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT           -11-

artwork sold – is adequately pled.[5]  The other elements of the aiding and abetting claim can be alleged generally, rather than particularly.

**H. UNJUST ENRICHMENT**

Plaintiff alleges facts supporting all of the elements of an unjust enrichment claim under Washington law:  (1) a benefit conferred, (2) knowledge of the benefit, and (3) circumstances that would make it unjust for Royal Caribbean to retain the benefit.  Young v. Young, 164 Wn.2d 477, 484 (2008).[6]  Defendant argues that the transfer of funds through Park West, rather than directly from plaintiff to defendant, bars this claim.  Defendant is not, however, an incidental beneficiary of a third-party transaction from whom no restitution can be sought.  In Farwest Steel Corp. v. Mainline Metal Works, Inc., 48 Wn. App. 719, 732 (1987), the court described the general rule as follows:

> The mere fact that a third person benefits from a contract between two other persons does not make such third person liable in quasi contract, unjust enrichment, or restitution.  Moreover, where a third person benefits from a contract entered into between two other persons, in the absence of some misleading act by the third person, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third person.  In other words, a person who has conferred a benefit upon another, by the performance of a contract with a third person, is not entitled to restitution from the other merely because of the failure of performance by the third person.

(quoting 66 Am. Jur.2d Restitution and Implied Contracts, § 16 at 960).  Plaintiff alleges that Royal Caribbean conspired to defraud its passengers and/or assisted Park West in its scheme to sell overpriced artwork.  In such circumstances, defendant is not merely an innocent beneficiary

---

[5] As discussed in Section F.2., plaintiff has not adequately pled an intentional misrepresentation regarding the provenance or authenticity of the artwork they purchased.

[6] Defendant suggests that admiralty law applies to this claim, but has not analyzed whether the alleged unjust enrichment occurred on navigable waters and/or bears a significant relationship to general maritime activities.  The Court has therefore applied Washington law.

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT           -12-

of a contract breached by Park West. Plaintiff's claim of unjust enrichment may proceed.

## I. AGENCY AND CIVIL CONSPIRACY

Plaintiff alleges that defendants were the agents and principals of each other and that they were acting within the scope of their agency when selling or assisting the sale of overpriced artwork at auction. Plaintiff also alleges that the relationship between defendants and their actions in furtherance of the fraudulent sales give rise to a plausible inference that there was an agreement or conspiracy to defraud plaintiff.

Defendant raises choice of law as an issue, but does not provide any analysis regarding the applicability of admiralty or a particular state's law. The Court is unaware of any rule of pleading that required plaintiff to identify the law under which this claim is asserted. Dismissal on this ground would be inappropriate.

Defendant argues that plaintiff's factual allegations cannot support a finding that Royal Caribbean expressly or impliedly authorized Park West to act on its behalf, especially where the Cruise Ticket Contract disclaims any agency relationship. The contractual provision is not dispositive: the fact-finder may weigh the disclaimer against other evidence that suggests the existence of an agency relationship. See Myers v. Garfield & Johnson Enters., Inc., 679 F. Supp.2d 598 (E.D. Pa. 2010); Dubret v. Holland Am. Line Westours, Inc., 25 F. Supp.2d 1151, 1153 (W.D. Wash. 1998). Although most of plaintiff's allegations are unhelpful on this point, plaintiff does allege that the cruise lines allowed Park West auctioneers to identify themselves as crew members when circulating among the passengers. FAC ¶ 50. If proven, this allegation could support a finding that an agency agreement existed (actual agency) or that defendant's conduct or statements caused plaintiff to reasonably believe that an agency relationship existed (apparent agency). Plaintiff's claim of agency may, therefore, proceed.

For purposes of the civil conspiracy claim, the underlying fraud – Park West's misrepresentations regarding the value of the artwork sold – is adequately pled under Rule

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                -13-

9(b).[7] The other elements of the conspiracy claim, including the existence of an agreement, can be alleged generally, and plaintiff has alleged facts from which one could infer the existence of an agreement.

**J. DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201, *ET SEQ*.**

Plaintiff seeks a declaration that (a) Park West misrepresented the authorship, authenticity, and genuineness of the art sold to plaintiff, and (b) Royal Caribbean owes plaintiff an affirmative duty to disclose material facts about the artwork sold on board the cruise ships. Defendant argues that plaintiff's request for declaratory relief is improper because litigation has been joined and the resolution of the misrepresentation claim will obviate the need for declaratory relief. It is possible, however, that a declaration regarding the duties owed by cruise lines to their passengers could be appropriate, such that the declaratory relief would not be duplicative of the other relief sought.

To the extent plaintiff seeks injunctive relief, defendant argues that they are not in a position to provide the written assurances of authorship, authenticity, and genuineness demanded. Again, should plaintiff succeed in establishing a duty running from the cruise lines to their passengers, some form of injunctive relief may be warranted.

For all of the foregoing reasons, the Court GRANTS Royal Caribbean's motion to dismiss (Dkt. # 80). Because plaintiff's claims are barred by the notice and suit limitation provisions contained in the Cruise Ticket Contract, his claims against Royal Caribbean are hereby dismissed in their entirety.

---

[7] As discussed in Section F.1., plaintiff has not adequately pled an intentional misrepresentation regarding the provenance or authenticity of the artwork they purchased.

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                -14-

Dated this 25th day of June, 2010.

*MRT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING ROYAL
CARIBBEAN'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT             -15-